538 F.2d 324
 12 Empl. Prac. Dec. P 11,063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael L. Moore, Appellant
v
City of Richmond et al., Appellees.
 No. 75-2353.
 United States Court of Appeals, Fourth Circuit.
 July 13, 1976.
 
 Before CRAVEN and RUSSELL, Circuit Judges, and KUNZIG,* Judge, United States Court of Claims.
 PER CURIAM.
 
 
 1
 Policeman Moore brought suit contending that officials of the City of Richmond had denied him the equal protection of law guaranteed by the Fourteenth Amendment, by arbitrarily refusing to promote him to the position of sergeant in the City's police force. The district court granted summary judgment in favor of the defendants. We affirm.
 
 
 2
 I. In August, 1974 the City of Richmond offered a written examination to patrolmen on its police force to determine eligibility for promotions to the rank of sergeant. Plaintiff Moore took this examination and placed within the top 60 of those eligible for promotion.
 
 
 3
 In March, 1975 the City cancelled the eligibility list. Apparently it did so because of the City's belief that the test was probably invalid under Title VII. The City had been forced to make a study of the test as a consequence of a suit brought by the Richmond Black Police Officers Association against the City over alleged racial discrimination in the hiring, promotion, and assignment of Police Department employees. As part of a consent agreement settling the lawsuit, it was agreed the City might proceed to promote from the top 16 on the eligibility list, and 11 patrolmen of the top 16 were promoted to sergeant.
 
 
 4
 II. Moore's claim of injury is that but for the cancellation of the eligibility list in March 1975 he might have been, indeed probably would have been, promoted to sergeant during the normal one-year period of the list's validity. He bases this argument upon the City's general practice of filling vacancies and the fact that a number of vacancies had not been filled at the end of the year. He admits, as he must, that the City has discretion as to the timing and the number of promotions to make. He argues only, and we agree, that such decisions may not be done for reasons which are not rationally related to a legitimate purpose.
 
 
 5
 Moore claims no specific prejudice from the promotion of the 11 from the top of the list since these were selected according to normal procedures and since, under those procedures, he was not eligible to compete for those promotions.[1] Instead, he argues that the City may not on one hand invalidate the test results in order to end litigation and also accord the test validity for the purpose of making 11 promotions.
 
 
 6
 We disagree. To compromise a lawsuit is not irrational. Moore, a white person, thought the examination was not unfair, but the black patrolmen thought it was. The latter agreed the City could use it in part (to make only 11 promotions) in return for the City's agreement not to utilize it fully. Partial use did not harm Moore because he was not among the top 16. Complete use might have benefited him, but would have harmed others. Moore is mistaken in thinking he has a constitutional right to require the City to ignore the constitutional rights of others.
 
 
 7
 Bishop v. Wood, 44 U.S.L.W. 4820 (U.S. June 10, 1976), was decided the day before oral argument. It is now clear, we think, that Moore had no property interest protected by the Fourteenth Amendment in being considered for promotion on the basis of any eligibility list. In Bishop, the Court held that, absent statute or ordinance guaranteeing a municipal employee the right to continued employment, he had no property interest in employment. Moore concedes that there was here neither a statute nor a regulation that in any way obligated the City to promote patrolmen. Thus, he had no property interest in promotion and no claim cognizable under the Fourteenth Amendment.
 
 
 8
 The judgment of the district court will be Affirmed.
 
 
 
 [1]
 Under this procedure, the top 16 patrolmen on the eligibility list were considered for the 11 promotions to be made. (Five more than the number to be promoted are considered for any vacancy.) Moore's test score did not place him within those 16